UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    **MEMORANDUM OF LAW & ORDER**
                                          Criminal File No. 16-256 (MJD/LIB)

(1) CARSTIE LEE CLAUSEN,

      Defendant.

Clifford B. Wardlaw, Assistant United States Attorney, Counsel for Plaintiff.

Shannon R. Elkins, Office of the Federal Defender, Counsel for Defendant.

## I.   INTRODUCTION

This matter is before the Court regarding the sentencing of Defendant Carstie Lee Clausen. An evidentiary hearing was held on June 26, 2017. Both parties have raised objections to the sentencing guidelines suggested by the Probation Office. A sentencing hearing is scheduled for November 29, 2017. The Court issues the following Memorandum of Law and Order in advance of the sentencing.

## II.   BACKGROUND

On June 20, 2017, Defendant Carstie Lee Clausen pled guilty to Count 1 of the Indictment, Assault of a Federal Agent, in violation of 18 U.S.C. §§ 111(a), (b), and Count 2 of the Indictment, Damaging an Aircraft in the Special Aircraft Jurisdiction of the United States, in violation of 18 U.S.C. § 32(a)(1). On June 26, 2017, the Court held an evidentiary hearing regarding the application of the Sentencing Guidelines official victim enhancement. On September 28, 2017, the Probation Office issued a presentence investigation (PSI).

### III.  GUIDELINES CALCULATIONS

#### A.  PSI Calculations

The PSI recommended the following Guidelines calculation:

| | |
|---|---|
| Total Offense Level: | 32 |
| Criminal History Category: | I |
| Imprisonment Range: | 121 to 151 months |
| Supervised Release: | 1 to 3 years |
| Fine Range: | $35,000 to $250,000 |
| Special Assessment: | $200 |

The total offense level of 32 is based on: Count 2, Damaging an Aircraft in the Special Aircraft Jurisdiction of the United States: a base offense level of 30, a 5-level enhancement under U.S.S.G. § 2A5.2(b)(1) for intentionally endangering an aircraft and discharging a firearm, and 3-level reduction for acceptance of responsibility.

The PSI also provides an adjusted offense level of 24 for Count 1, Assault of a Federal Agent, based on a base offense level of 14, a 5-level enhancement under U.S.S.G. § 2A2.2(b)(2)(A) for discharge of a firearm, a 3-level enhancement under § 2A2.2(b)(3) because the victim sustained bodily injury, and a 2-level increase for conviction under 18 U.S.C. § 111(b).  For Count 1, the PSI did not apply the 6-level enhancement under U.S.S.G. § 3A1.2(b) for official victim and attack motivated by official status because the Court had not yet issued a ruling on the application of that enhancement in light of the evidentiary hearing.

Defendant and the Government object to application of the 5-level enhancement under U.S.S.G. § 2A5.2(b)(1) to Count 2.  Defendant objects to application of the 6-level enhancement under U.S.S.G. § 3A1.2(b) to Count 1.

B.   **Standard for Disputed Enhancements**

"The government must prove the facts needed to support a sentencing enhancement by a preponderance of the evidence."  United States v. Hansel, 524 F.3d 841, 847 (8th Cir. 2008) (citation omitted).

C.   **Enhancements**

After considering all of the evidence presented at the evidentiary hearing and the arguments of counsel, the Court concludes that the 6-level enhancement

under U.S.S.G. § 3A1.2(b) applies to Count 1, and the 5-level enhancement under U.S.S.G. § 2A5.2(b)(1) applies to Count 2.

Section 2A5.2(b)(1)(A) provides: "If (A) subsection (a)(1) or (a)(2) applies; and (B)(i) a firearm was discharged, increase by 5 levels." In the Plea Agreement, the parties agree that subsection (a)(1) applies. The Court also independently finds that the record clearly demonstrates that Defendant intentionally endangered the safety of the helicopter. And there is no dispute that a firearm was discharged.

### IV. MOTION FOR A DOWNWARD DEPARTURE

Defendant requests a downward departure under U.S.S.G. § 5K2.13, based on significantly reduced mental capacity, and under U.S.S.G. § 5H1.1, based on age and physical condition. The Court grants the motion under both sections. The extent of the departure will be determined during sentencing.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

The applicable Guideline calculations are as follows:

4

|   |   |
|---|---|
| Total Offense Level: | 32 |
| Criminal History Category: | I |
| Imprisonment Range: | 121 to 151 months |
| Supervised Release: | 1 to 3 years |
| Fine Range: | $35,000 to $250,000 |
| Special Assessment: | $200 |

Dated:  November 29, 2017          s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court