# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        **MEMORANDUM OF LAW & ORDER**
        Criminal File No. 16-256 (MJD/LIB)

(1) CARSTIE LEE CLAUSEN,

        Defendant.

Deidre Y. Aanstad, Assistant United States Attorney, Counsel for Plaintiff.

Defendant Carstie Lee Clausen, pro se.

## I.     INTRODUCTION

This matter is before the Court on Defendant Carstie Lee Clausen's Pro Se Motion to Reduce Sentence – First Step Act [Docket No. 162] and on the Government's Motion to Dismiss Defendant's Pro Se Motion to Reduce Sentence – First Step Act [Docket No. 164].

## II.    BACKGROUND

On June 20, 2017, Defendant Carstie Lee Clausen pled guilty to Count 1 of the Indictment, Assault of a Federal Agent, in violation of 18 U.S.C. §§ 111(a), (b), and Count 2 of the Indictment, Damaging an Aircraft in the Special Aircraft

Jurisdiction of the United States, in violation of 18 U.S.C. § 32(a)(1). On

November 29, 2017, the Court sentenced Defendant to 60 months imprisonment,

which was a downward departure from the applicable guideline range of 121-

151 months, based on significantly reduced mental capacity, age, and physical

condition. [Docket Nos. 130-34]

Defendant has now filed a motion with the Court requesting

compassionate release from federal custody under the First Step Act based on his

advanced age and medical issues; Defendant also requests release to home

confinement or transfer to Minnesota. [Docket No. 162] There is no evidence

that Defendant has filed any request for compassionate release with the Warden

at the institution in which he is incarcerated; nor is there evidence that he has

sought administrative review of any of his requests.

## III.  DISCUSSION

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a

defendant's motion following exhaustion of administrative remedies or the lapse

of 30 days from the receipt of such a request by the warden of the defendant's

facility, whichever is earlier, "reduce the term of imprisonment (and may impose

a term of probation or supervised release with or without conditions that does

not exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

If a defendant has not demonstrated that he has exhausted his administrative remedies with respect to his motion and there is no evidence before the Court that he made a request to reduce his sentence to the appropriate warden, the motion is denied without prejudice. United States v. Roy, No. CR 15-303 (MJD), 2019 WL 6910069, at *1 (D. Minn. Dec. 19, 2019). Here, there is no evidence that Defendant has exhausted administrative remedies; nor is there evidence that he has made a request to the Warden. Thus, Defendant's motion for release under the First Step Act is denied without prejudice.

With regard to Defendant's request that the Court order the Bureau of Prisons ("BOP") to release him to home confinement or transfer him to or near Minnesota, "[t]he Bureau of Prisons, not this Court, must determine if [Defendant] should serve the remainder of [his] sentence in home confinement. The authority to determine [Defendant's] placement for the remainder of his sentence is vested solely within the discretion of the BOP." United States v.

Shields, No. 12-CR-00410-BLF-1, 2019 WL 2359231, at *5 (N.D. Cal. June 4, 2019),

reconsideration denied, No. 12-CR-00410-BLF-1, 2019 WL 2645028 (N.D. Cal.

June 27, 2019) (citations omitted).  Defendant may file a motion under 28 U.S.C. §

2241 to challenge the BOP's decision regarding home confinement or transfer,

but only after exhausting his administrative remedies.  United States v. Chappel,

208 F.3d 1069, 1069 (8th Cir. 2009).  Exhaustion can be excused if the petitioner

shows that pursuit of exhaustion of administrative remedies would futile.  See

Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004).   There is no evidence that

Defendant has exhausted administrative remedies.  Nor has he shown that

pursuing exhaustion of administrative remedies would be futile.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1. Defendant Carstie Lee Clausen's Pro Se Motion to Reduce Sentence – First Step Act [Docket No. 162] is **DENIED WITHOUT PREJUDICE**.

2. The Government's Motion to Dismiss Defendant's Pro Se Motion to Reduce Sentence – First Step Act [Docket No. 164] is **GRANTED**.

Dated:  March 24, 2020            s/ Michael J. Davis
                                 Michael J. Davis
                                 United States District Court