UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,                         Case No. 16-cr-256 (MJD/LIB)

v.

                                        **REPORT AND RECOMMENDATION**

Carstie Lee Clausen,

        Defendant.

---

This matter comes before the undersigned United States Magistrate Judge upon Defendant Carstie Lee Clausen's pro se Motion for Emergency Release. [Docket No. 169]. Defendant's Motion was referred to the undersigned by the Honorable Michael J. Davis. (Order [Docket No. 170]).

For reasons discussed herein, the Court recommends that the Defendant's Motion for Emergency Release, [Docket No. 169], be **DENIED as moot**.

**I.**     **Background**

On June 20, 2017, Defendant pled guilty to one count of Assault of a Federal Agent in violation of 18 U.S.C. §§ 111(a) and 111(b), as well as, one count of Damaging an Aircraft in the Special Aircraft Jurisdiction of the United States in violation of 18 U.S.C. § 32(a). (Plea Agreement [Docket No. 96]). On November 29, 2017, Defendant was sentenced to a 60-month term of imprisonment. (Sentencing Minutes [Docket No. 131]).

On March 27, 2020, Defendant filed his present pro se Motion for Emergency Release. [Docket No. 169]. Through his present Motion, Defendant seeks an Order of this Court directing the Bureau of Prisons to transfer him to home confinement at the residence of his sister. (See, Def.'s Mot. [Docket No. 169]). Defendant asserts that he was previously "informed that he [will

be] eligible for Home Confinement [on] May 13, 2020," however, due to the COVID-19 pandemic, he has also been informed the he "is not eligible to go to the halfway [h]ouse." (Id.).[1] Defendant appears to imply that because he is not eligible to be transferred to the halfway house due to the COVID-19 pandemic he is therefore also ineligible to be transferred to home confinement. (See, Id.).

On April 2, 2020, the undersigned issued an Order establishing a schedule for the briefing on Defendant's present Motion. (Text Order [Docket No. 171]). That Order was mailed to Defendant. Pursuant to the Order, the Government was required to file its response to Defendant's Motion by no later than April 10, 2020, and Defendant's reply thereto was required to be filed by no later than April 22, 2020. (Id.).

On April 10, 2020, the Government filed its memorandum in opposition to Defendant's Motion. (Mem. [Docket No. 172]). The Government mailed a copy of its memorandum to Defendant; however, Defendant did not file a reply memorandum in the time permitted.

On April 27, 2020, the Government filed a Supplement Response, [Docket No. 173], indicating that the Bureau of Prisons had approved Defendant for home confinement. The Government asserted that the Bureau of Prisons was following newly implemented COVID-19 related policies and procedures regarding Defendant's transfer to home confinement, but the transfer was "imminent." (Supp. Resp. [Docket No. 173]). The Government mailed a copy if its Supplemental Response to Defendant. (Certificate of Service [Docket No. 173-1]).

On May 4, 2020, the Government filed the Declaration of Brenda Mort, an employee of the Bureau of Prisons. (Mort Decl. [Docket No. 175]). The Declaration confirms that Defendant has been selected for home confinement, and he is scheduled to be placed in said home confinement "prior to mid-May." (Id.). The Declaration further provides that the exact date of

---

[1] COVID-19 is a disease caused by a novel coronavirus which has become a global pandemic.

2

the impending transfer cannot be disclosed for "security reasons," and that Defendant will be quarantined for a minimum of fourteen days prior to his transfer. (Id.). The Government mailed a copy of this Declaration to Defendant. (Certificate of Service [Docket No. 175-2]).

## II.     Discussion

As previously noted, through his Motion, Defendant seeks an Order of this Court directing the Bureau of Prisons to release him to home confinement. (Mot. [Docket No. 169]). Petitioner appears to argue that he should be released to home confinement because he "falls within the most vulnerable age group" relative to the COVID-19 pandemic. (Id.).

Before the Court considers the underlying merits of Defendant's Motion, the Court must first, in light of the fact that Defendant has now been approved for home confinement, ensure that Defendant's Motion has not become moot since the time Defendant filed his Motion, [Docket No. 169], with this Court.

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See, Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007); Powell v. McCormack, 395 U.S. 486, 497 (1969); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (2011). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted); see, Roberts v. Norris, 415 F.3d 816, 819 (8th Cir. 2005); Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the Court from granting any meaningful relief to the party who initiated the action. See, In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th

Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996) ("The existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of federal courts . . . . [I]f during the pendency of an appeal, an event occurs which destroys the court's ability to render the prevailing party any effectual relief whatsoever, the appeal must be dismissed as moot.") (citations and quotations omitted)). If it becomes impossible for the Court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. See, Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision.").

In the present case, Defendant seeks an Order of this Court directing the Bureau of Prisons to release him to home confinement. On the unrefuted record now before the Court, the Bureau of Prisons, however, has now selected Defendant for transfer to home confinement. (Mort Decl. [Docket No. 175]). Moreover, that transfer is scheduled to occur in the immediate future "prior to mid-May." (Id.).

Even assuming solely for the sake of argument that this Court found Defendant's claim has merit, there is no longer any meaningful relief which this Court could provide. Defendant sought to be transferred to home confinement, and the Bureau of Prisons has now selected Defendant for transfer to home confinement. Therefore, Defendant's Motion, [Docket No. 169], is now moot because there is no longer any live case or controversy to be resolved in the present case. Other Court have reached this same conclusion in circumstances factually similar to the present case. See, e.g., Simon v. LaRiva, No. 16-cv-1969 (ADM/KMM), 2016 WL 7972058 (D. Minn. Aug. 3, 2016), report and recommendation adopted, 2016 WL 4467891 (D. Minn. Aug. 22, 2016).

As Defendant's Motion is now moot, the Court will not consider the merits of any possible claims underlying Defendant's Motion or render any opinion on those claims as any "[s]uch opinion would be merely advisory and is not permitted under Article III." Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008); see, Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) ("A federal court has no authority to give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.").

### III.   Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Defendant's Motion for Emergency Release, [Docket No. 169], be **DENIED as moot**.

Dated: May 8, 2020                                s/Leo I. Brisbois
                                                  Hon. Leo I. Brisbois
                                                  U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).